# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Justin J. Trapp, Respondent.

Appellate Case No. 2016-001076

Opinion No. 27653
Submitted July 19, 2016 – Filed August 10, 2016

## DEFINITE SUSPENSION

Disciplinary Counsel Lesley M. Coggiola and Senior
Assistant Disciplinary Counsel C. Tex Davis, Jr. for
Office of Disciplinary Counsel.

Justin J. Trap, *Pro Se*.

**PER CURIAM:**   In this attorney disciplinary matter, respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, respondent admits misconduct and consents to
a definite suspension not to exceed three years, with the conditions that within
thirty days of imposition of discipline, respondent shall pay the costs incurred by
ODC and the Commission on Lawyer Conduct in investigating and prosecuting
this matter ($113.70), and prior to reinstatement, complete the Legal Ethics and
Practice Program's Ethics School, Trust Account School, and Advertising School.
Respondent requests that the suspension be made retroactive to the date of interim
suspension.[1]  We accept the Agreement and suspend respondent from the practice
of law in this state for one year, retroactive to the date of his interim suspension,
subject to the conditions set forth in the Agreement.

---

[1] Respondent was placed on interim suspension by order dated September 25, 2014.  *In re Trapp*,
410 S.C. 151, 763 S.E.2d 811 (2014).

## Facts

The allegations set forth in the Formal Charges, which have been incorporated into the Agreement, are as follows. Respondent, who was admitted to the South Carolina Bar in 2009, was appointed in 2012 to represent an applicant in a post-conviction relief matter. The Attorney General's Office mailed various pleadings and other correspondence to respondent at the address respondent provided in the Attorney Information System (AIS). None of the correspondence was returned, nor did respondent make any response. On April 14, 2014, the Attorney General's Office notified respondent that the applicant's case was on the roster for the upcoming term of court. Respondent informed the Attorney General's Office that he was not admitted to the South Carolina Bar and did not practice law.[2] New counsel was appointed for the applicant.

On May 14, 2014, ODC informed respondent by way of Notice of Investigation that it was investigating his conduct in connection with the applicant's case and that he was required to submit a written response within fifteen days. The notice was mailed to the address respondent provided in AIS, but respondent failed to respond as required. On June 6, 2014, ODC sent respondent a letter pursuant to *In the Matter of Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982), again requesting a response and notifying him that failure to respond to ODC was, in and of itself, a separate ground for discipline. However, respondent failed to respond to the *Treacy* letter. On August 14, 2014, ODC served respondent with a Notice to Appear pursuant to Rule 19, RLDE, to answer questions on the record and under oath. The notice was served on respondent by mail at the address respondent provided in AIS. Respondent failed to appear, after which ODC filed a Petition for Interim Suspension. As noted earlier, respondent was placed on interim suspension on September 25, 2014. The order and a letter from the Clerk of Court directing respondent's attention to the requirements of Rule 30, RLDE, and specifically noting the affidavit required by Rule 30(i), RLDE, had to be filed within fifteen days, was eventually served on respondent by SLED. Respondent never filed an affidavit.

---

[2]Respondent had been placed on administrative suspension by orders of this Court dated March 14, 2014, and April 25, 2014, for failure to pay license fees and failure to comply with continuing legal education requirements, respectively.

## Law

Respondent admits that by his conduct he has violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 8.1(b) (a lawyer in connection with a disciplinary matter shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority); Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent also admits his conduct constitutes grounds for discipline under Rule 7(a)(1), (3), (5), (6), and (7), RLDE.[3]

## Conclusion

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law in this state for one year, retroactive to the date of his interim suspension. Respondent shall also comply with the conditions set forth in the Agreement and noted in the first paragraph of this opinion. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DEFINITE SUSPENSION.**

**PLEICONES, C.J., BEATTY, KITTREDGE, HEARN and FEW, JJ., concur.**

---

[3] These provisions set forth the following grounds for discipline: violating or attempting to violate the Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers; willfully violating a valid order of the Supreme Court, Commission or panels of the Commission in a proceeding under these rules, willfully failing to appear personally as directed, willfully failing to comply with a subpoena issued under these rules, or knowingly failing to respond to a lawful demand from a disciplinary authority, to include a request for a response or appearance under Rule 19(b)(1), (c)(3) or (c)(4); engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law; violating the Lawyer's Oath contained in Rule 402(k), SCACR; and willfully violating a valid court order issued by a court of this state or of another jurisdiction.